IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID C. TRUJILLO,

    Plaintiff,

v.                                                                                                                   Civ. No. 23-314 JFR/KK

CITY OF ALBUQUERQUE,

    Defendant.

## ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court *sua sponte* on review of Defendant's Notice of Removal, which asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's Complaint raises claims based on federal law. (Doc. 1 at 3–4.) This Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1013 (10th Cir. 2018). "Federal subject matter jurisdiction is elemental. It cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012).

"For a case to arise under federal law within the meaning of § 1331, the plaintiff's 'well-pleaded complaint' must establish one of two things: 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Id*. at 1023 (quoting *Nicodemus v. Union Pac. Corp.,* 440 F.3d 1227, 1232 (10th Cir.2006)). "The well-pleaded complaint rule makes the plaintiff the 'master' of his claim" and the "plaintiff can elect the judicial forum—state or federal—based on how he drafts

his complaint." *Firstenberg*, 696 F.3d at 1023. In other words, plaintiffs can "avoid federal jurisdiction by exclusive reliance on state law," although they "may not circumvent federal jurisdiction by omitting federal issues that are essential to [their] claim[.]" *Id.* (quoting *Nicodemus*, 440 F.3d at 1232). "Removal statutes are to be strictly construed, . . . and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

In his Complaint filed in the Second Judicial District Court for the State of New Mexico, Plaintiff alleges that he was injured on August 25, 2022, when Albuquerque Police Department officers shot him twice with "a 40 mm LMTS rubber bullet" while arresting him. (Doc. 1-1 at 1.) Defendant moved the state court for dismissal of the Complaint for failure to state a claim (the "Motion to Dismiss"). (Doc. 1-2.) In his response to the Motion to Dismiss, Plaintiff asserted that "unnecessary excessive force was used" during his arrest. (Doc. 1-3 at 1 (the "Response").)

In its Notice of Removal, Defendant asserts that this Court "has original jurisdiction because the Complaint and associated Response . . . are founded on a claim or right that, if found valid, arise under the Constitution and the laws of the United States." (Doc. 1 at 3–4.) Defendant further asserts that the Complaint "seeks relief that reasonably falls under federal law, 42 U.S.C.[] §§ 1983, 1988, and New Mexico statutes" and that "Plaintiff alleges, by implication, a violation of his constitutional rights created, if at all, under federal law. A federal question appears by implication in the claims made in the Complaint and associated Response[.]" (Doc. 1 at 3–4.)

The Court finds that the Complaint does not unambiguously demonstrate the existence of federal question subject-matter jurisdiction. The Complaint does not reference § 1983 or any other federal statutory or constitutional right, or otherwise indicate that Plaintiff's claims arise under federal law rather than state law, such as the New Mexico Civil Rights Act. *See* N.M. Stat. Ann §§ 41-4A-1 to -13 (2021, effective July 1, 2021); N.M. Const. Art. II, § 10; *Johnson v. City of*

2

*Roswell*, 752 F. App'x 646, 652 n.3 (10th Cir. 2018) (unpublished) (considering claims for excessive force under both the federal and New Mexico constitutions). Neither Plaintiff's reference in the Complaint to 28 U.S.C. § 1747, which addresses unsworn declarations under penalty of perjury, nor his assertion in the Response that "unnecessary excessive force was used" are sufficient to show that the claims in the Complaint present a federal question. *See Adams v. Eagle Rd. Oil LLC*, No. 16-CV-0757-CVE-TLW, 2017 WL 1363316, at *3 (N.D. Okla. Apr. 12, 2017) (holding that a complaint did not raise a federal question where "[t]here wa]s nothing in plaintiff's petition that would suggest that he intended to use [a term of art] only as . . . defined in federal statutes and regulations"); *Schreiber v. Regions Fin. Corp.*, No. 209CV1337UNASRDP, 2009 WL 10703161, at *4 (N.D. Ala. Sept. 11, 2009) (holding that a plaintiff's reference to terms defined in federal law did not show that her claim arose from federal law where "[e]ach of these terms has meaning separate and apart from federal laws, regulations and standards"); *Ruffino v. Par. Council*, No. CV 06-0124, 2006 WL 8456431, at *3 (E.D. La. Mar. 7, 2006) (holding "that the [plaintiffs'] mere passing mention of 'ex post facto' is not sufficient to satisfy the [d]efendants' burden" to show that the complaint raised a federal question); *Dale v. Fletcher*, No. 19-3240-SAC, 2020 WL 5747912, at *2 (D. Kan. Sept. 25, 2020) (finding no federal question jurisdiction where the complaint did "not mention any federal statute, the United States Constitution, or any constitutional right" and collecting cases so holding). Given the allegations in the Complaint, it is understandable that Defendant interpreted the Complaint to imply violations of federal law. However, federal-question jurisdiction must be established before this case may proceed in federal court and doubts about federal question jurisdiction must be resolved in favor of remand. *Fajen*, 683 F.2d at 333.

THEREFORE, the Court will permit Plaintiff to file an amended complaint clarifying whether he brings his claims under federal or state law. Plaintiff shall file this amended complaint, if he chooses to do so, no later than **July 3, 2023**. Defendant's response to this order to show case, regardless of whether Plaintiff files an amended complaint, is due **July 17, 2023**. Defendant is notified that failure to file a response may result in this case being remanded to state court. The deadlines for briefing on Defendant City of Albuquerque's Motion to Dismiss in Lieu of An Answer (Doc. 6, filed April 19, 2023), are hereby stayed pending further order of the Court.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE