UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DAVID C. TRUJILLO,**

    Plaintiff,

v.                                          No. 1:23-cv-00314-DHU-SCY

**CITY OF ALBUQUERQUE,**
**OFFICER STEPHEN WALSH (3109),**
**OFFICER CHRISTOPHER MAES (3892),**
**OFFICER JONATHAN TRUJILLO (5699),**
**DETECTIVE ERIC ENDZEL (3923),**
**OFFICER JUSTIN JONES (5214),**

    **Defendants.**

## DEFENDANTS' UNOPPOSED MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY PENDING RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**COME NOW** Defendants City of Albuquerque, Officer Steven Walsh, Officer Christopher Maes, Officer Jonathan Trujillo, Detective Eric Endzel, and Officer Justin Jones, by and through undersigned counsel, pursuant to Fed.R.Civ.P. 56, and Fed.R.Civ.P 26(c), and hereby respectfully move this Court to enter an order of protection staying discovery in this matter until Defendants' Motion for Summary Judgment Based Upon Qualified Immunity can be resolved. Defendants reached out to counsel for Plaintiff for a position on this motion and Plaintiff does not oppose. *See* D.N.M.LR-Civ. 7.1(a). In support of their Motion, Defendants state as follows:

### I. INTRODUCTION

Defendants filed their Motion for Summary Judgment Based Upon Qualified Immunity on December 22, 2023. The parties have exchanged substantial initial disclosures and this matter is

ripe for a determination.  There is no prejudice to any party in staying discovery, and there is the potential to conserve judicial resources at this point in the case by allowing for time for briefing to be completed and the Court to render a judgment on Defendants' Motion for Summary Judgment. Therefore, Defendants respectfully request their Unopposed Motion for Protective Order to Stay Discovery Pending Ruling on Defendants' Motion for Summary Judgment be granted.

## II.   STANDARD OF REVIEW

In *Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 383 (D.N.M. 2018), the Court stated that:

> The trial court has discretion to grant a protective order pursuant to rule 26(c). See Morales v. E.D. Etnyre & Co., 229 F.R.D. 661, 663 (D.N.M. 2005) (Browning, J.). Rule 26(c) provides that, upon a good cause showing, a court may 'issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,' which may include forbidding disclosure or discovery. Fed. R. Civ. P. 26(c)(1)(A). Accord Miller v. Regents of the Univ. of Colo., 188 F.3d 518, 1999 WL 506520, at *12 (10th Cir. 1999) (unpublished) (reasoning that '[t]he district court is in the best position to weigh these variables and determine the appropriate limits because, unlike an appellate court, the district court has the ability to view firsthand the progression of the case, the litigants, and the impact of discovery on parties and nonparties').

A protective order and stay of discovery are appropriate here because the parties have exchanged initial disclosures and Defendants' have filed their Motion for Summary Judgment which could dispose of the case.

## III.  ARGUMENT & AUTHORITIES

Defendants seek a Protective Order to stay all additional discovery until such time as the Court rules on Defendants' Motion for Summary Judgment.  Under Fed.R.Civ.P. 26(c) a "party or any person from whom discovery is sought may move for a protective order in the court where the

action is pending." "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*

> It is the party seeking the protective order who has the burden to show good cause for a protective order. *See Sentry Ins. v. Shivers,* 164 F.R.D. 255, 256 (D.Kan.1996). To demonstrate good cause, the party seeking the protective order must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.' *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981)(internal quotations and citations omitted).

*Velasquez v. Frontier Med. Inc.,* 229 F.R.D. 197, 200 (D.N.M. 2005). Good cause exists for the Court to grant Defendants' Motion for Protective Order as there is a substantial likelihood that Defendants' Motion for Summary Judgment Based Upon Qualified Immunity will be successful.

The Court has discretion to stay discovery "while a dispositive motion is pending. *Carty-Mauk v. Elliott*, No. 12-CV-02117-REB-KLM, 2013 WL 1876773, at *1 (D. Colo. May 3, 2013). *See also Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D.Fla.2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F .3d 795, 804 (Fed.Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C.2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal citation omitted)).

There are five factors a court must consider when deciding whether to exercise its discretion and grant a stay of discovery:

> (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests

of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery.

*Carty-Mauk v. Elliott*, No. 12-CV-02117-REB-KLM, 2013 WL 1876773, at *1 (D. Colo. May 3, 2013) (internal citations omitted).  Here all five factors weigh in favor of the Court granting a stay of discovery.

Consideration of these factors weighs heavily in favor of the Court granting Defendants' request for a stay of discovery.  The parties have exchanged substantial initial disclosures and therefore have sufficient factual evidence to proceed with the Motion for Summary Judgment. There is no burden on Defendants in granting the stay as Defendants bring this Motion.  The Court would benefit from a stay as it conserves judicial resources at a point in the case where consideration of Defendants' dispositive motion may conclude this matter.  Defendants are unaware of any non-parties that would either benefit or be prejudiced by a stay, and there is no particular public interest in this case that provides a factor for consideration.

**WHEREFORE,** Defendants respectfully request that this Court grant their Unopposed Motion for a Protective Order and stay discovery pending resolution of Defendants' Motion for Summary Judgment Based Upon Qualified Immunity as set forth above.

Respectfully submitted,

**CITY OF ALBUQUERQUE**
Lauren Keefe, City Attorney

/s/ *Laura R. Callanan*
Laura R. Callanan
Assistant City Attorney
P.O. Box 2248
Albuquerque, New Mexico 87103
(505) 768-4500 / F: (505) 768-4505

*Attorney for Defendants*

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document was filed and served via the Court's CM/ECF system to the following:

Grace E. Jennings
DAVIS MILES MCGUIRE GARDNER, PLLC
320 Gold Ave SW, Ste. 1111
Albuquerque, NM 87102
(505) 948-5050
gjennings@davismiles.com

*Attorneys for Plaintiff*

on this 3rd day of January, 2024.

/s/ *Laura R. Callanan*
Laura R. Callanan, Assistant City Attorney